**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ARIEL M. MENDOZA and MARIA N.        )
MENDOZA,                              )
                                     )   No. C-09-3648 SC
          Plaintiffs,                )
                                     )
     v.                              )   ORDER GRANTING MOTION
                                     )   TO DISMISS; DENYING
COUNTRYWIDE HOME LOANS, INC.;        )   MOTION TO STRIKE
COUNTRYWIDE FINANCIAL CORP.;         )
KENNETH LOW; MORTGAGE ELECTRONIC     )
REGISTRATION SYSTEMS; all persons    )
currently unknown claiming any       )
legal or equitable interest in the   )
Trust Property; and DOES ONE         )
THROUGH ONE HUNDRED, inclusive,      )
                                     )
          Defendants.                )
                                     )
_____)

I.   **INTRODUCTION**

        Plaintiffs Ariel M. Mendoza and Maria N. Mendoza

("Plaintiffs") brought this suit in Alameda Superior Court.  See

Notice of Removal, Docket No. 1, Ex. 1 ("Compl.").  Defendants

Countrywide Financial Corporation ("CFC"), Countrywide Home Loans,

Inc. ('CHL'), and Mortgage Electronic Registration Systems, Inc.

("MERS") (collectively, "Defendants"), removed the case to this

Court because of federal questions raised in Plaintiffs'

Complaint.[1]  See Notice of Removal.  Defendants filed a Motion to

_____
        [1] Defendant Kenneth Low ("Low") has not participated in the
Motion to Dismiss.

Dismiss and a Motion to Strike.  Docket No. 9 ("Motion").
Plaintiffs filed an Opposition and Defendants submitted a Reply.
Docket Nos. 14, 15.  For the reasons stated herein, the Motion to
Dismiss is GRANTED.  The Motion to Strike is DENIED.

## II.  **BACKGROUND**

In October 2004, Plaintiffs entered into two loans with CHL
to refinance property located at 2331 Pacifica Court, San Leandro,
California.  Compl. ¶¶ 46, 49.  The first loan, dated October 20,
2004, was in the amount of $544,000.  Request for Judicial Notice
("RJN") Ex. A ("Note") ¶ 1, Ex. B ("First Deed of Trust").[2]  The
Note provides for an interest rate of 5.5% and a monthly payment
of $2,493.33 for the first five years.  Note ¶¶ 2, 3(B), 4(A).
The Plaintiffs received a disclosure indicating that the lower
payments during the first five years would only be paying back
interest.  Id. Ex. C ("Interest-Only Feature Disclosure").
Plaintiffs also received a Truth in Lending Disclosure Statement.
Id. Ex. D ("Truth in Lending Disclosure Statement").  The Deed of
Trust states that, upon default, CHL, or its Trustee, may

---

[2]  Defendants submitted a request for judicial notice in
support of the Motion to Dismiss.  Docket No. 9.  The request
includes copies of documents associated with the loans at issue,
most of which have been recorded in the Alameda County Recorder's
Office.  Having reviewed these documents, the Court determines that
they are properly subject to judicial notice.  See Hotel Employees
& Rest. Employees Local 2 v. Vista Inn Mgmt. Co., 393 F. Supp. 2d
972, 978 (N.D. Cal. 2005).  The Court may take judicial notice of
these documents without converting the Motion to Dismiss into a
motion for summary judgment because these documents are either
referred to in, or attached to, Plaintiffs' Complaint.  See Knievel
v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005); United States v.
Ritchie, 342 F.3d 903, 907 (9th Cir. 2003).  The Court GRANTS
Defendants' Request for Judicial Notice.

2

**United States District Court**
For the Northern District of California

accelerate the amount due under the Note and proceed with a foreclosure of the property.  First Deed of Trust ¶ 22.

The second loan, also dated October 20, 2004, was a Home Equity Line of Credit ("HELOC") in the amount of $136,000.  Compl. ¶ 49; RJN Ex. E ("HELOC Agreement") at 2, Ex. F ("HELOC Deed of Trust").  CHL was the lender.  HELOC Agreement at 1.  The Deed of Trust associated with this loan also provides that, upon default, CHL, or its Trustee, may accelerate the amount due and proceed with a foreclosure of the property.  HELOC Deed of Trust ¶ 3.

After Plaintiffs defaulted on their loans, a Notice of Default was recorded informing Plaintiffs that their property could be sold.  Id. ¶ 60; RJN Ex. G ("Notice of Default").  The Notice of Trustee's Sale indicated that the sale would occur on May 27, 2009.  Compl. ¶ 60; RJN Ex. I ("Notice of Trustee's Sale").  On that date, the property was sold at public auction for $450,500.  RJN Ex. J ("Trustee's Deed Upon Sale").

The Complaint alleges that Defendants CFC and CHL engaged in improper conduct by:

> failing to take into account Plaintiff's [sic] income, failing to analyze Plaintiffs' DTI [debt-to-income] ratio, failing to provide Plaintiffs with adequate documentation, disclosures, notices, and other information concerning the terms of the loan, misleading Plaintiffs about the potential for refinancing the loans, obfuscating the potential for payment shock arising from the inevitable interest rate increases on the loans, misleading Plaintiffs about the underwriting basis of the loans by suggesting that the primary basis for approving the loans was the equity in the Trust Property and that their monthly income was irrelevant, and by failing to advise Plaintiffs that they intended to immediately assign and/or re-sell and/or securitize the loans in the secondary

United States District Court
For the Northern District of California

3

1      mortgage market.

2  Compl. ¶ 52.  Defendants now move to dismiss Plaintiffs' claims

3  against them, and to strike portions of the Complaint.

4

5  **III.  LEGAL STANDARD**

6      **A.   Motion to Dismiss**

7      A motion to dismiss under Federal Rule of Civil Procedure

8  12(b)(6) "tests the legal sufficiency of a claim."  <u>Navarro v.</u>

9  <u>Block</u>, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal can be based

10 on the lack of a cognizable legal theory or the absence of

11 sufficient facts alleged under a cognizable legal theory.

12 <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir.

13 1990).  Allegations of material fact are taken as true and

14 construed in the light most favorable to the nonmoving party.

15 <u>Cahill v. Liberty Mutual Ins. Co.</u>, 80 F.3d 336, 337-38 (9th Cir.

16 1996).  However, the court need not accept as true legal

17 conclusions couched as factual allegations.  <u>Ashcroft v. Iqbal</u>,

18 129 S.Ct. 1937, 1949-50 (2009).  "Threadbare recitals of the

19 elements of a cause of action, supported by mere conclusory

20 statements, do not suffice."  <u>Id.</u> at 1949.  With regard to well-

21 pleaded factual allegations, the court should assume their truth,

22 but a motion to dismiss should be granted if the plaintiff fails

23 to proffer "enough facts to state a claim for relief that is

24 plausible on its face."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544,

25 547 (2007).

26     **B.   Motion to Strike**

27     Rule 12(f) provides that "[t]he court may strike from a

28
                                    4

United States District Court

For the Northern District of California

1    pleading an insufficient defense or any redundant, immaterial,

2    impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  The

3    essential function of a Rule 12(f) motion is to "avoid the

4    expenditure of time and money that must arise from litigating

5    spurious issues by dispensing with those issues prior to trial."

6    Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993),

7    rev'd on other grounds, 510 U.S. 517 (1994).

8

9    **IV.  DISCUSSION**

10       **A.  Negligence/Negligence Per Se**

11       Plaintiffs allege that CFC, CHL, and Low owed a duty of care

12   to Plaintiffs, "particularly concerning their duty to properly

13   perform due diligence as to the loans . . . ."  Compl. ¶ 68.  They

14   also allege violations of duties of care "under Cal. Civ. Code

15   Section 1916.7, TILA, HOEPA, RESPA, and the Regulations X and Z

16   promulgated thereunder."  Id. ¶ 69.

17       "The elements of a cause of action for negligence are (1) a

18   legal duty to use reasonable care, (2) breach of that duty, and

19   (3) proximate [or legal] cause between the breach and (4) the

20   plaintiff's injury."  Mendoza v. City of Los Angeles, 66 Cal. App.

21   4th 1333, 1339 (Ct. App. 1998) (citation omitted). "[P]arties to a

22   contractual relationship, such as a mortgagor and mortgagee,

23   cannot bring a tort claim [for negligence] unless a legal duty

24   independent of the contract itself has been violated."  Gaitan v.

25   Mortgage Electronic Registration Systems, No. 09-1009, 2009 WL

26   3244729, at *8 (C.D. Cal. Oct. 5, 2009)(citation omitted).  "[A]s

27   a general rule, a financial institution owes no duty of care to a

28

1  borrower when the institution's involvement in the loan

2  transaction does not exceed the scope of its conventional role as

3  a mere lender of money." <u>Nymark v. Heart Fed. Sav. & Loan Ass'n</u>,

4  231 Cal. App. 3d 1089, 1096 (Ct. App. 1991).

5      The Court finds that Plaintiffs have not alleged facts that

6  would suggest CHL's actions exceeded its conventional role as a

7  mere lender of money.  The Court's review of the judicially-

8  noticed documents confirms that CHL was a mere lender.  <u>See</u> Note;

9  HELOC Agreement.  The Complaint and these documents depict no more

10 than a typical, arms-length, home-loan transaction.  As such,

11 Plaintiffs have failed to demonstrate a duty owed by CHL to

12 Plaintiffs.

13     Also, Plaintiffs have failed to plead any facts supporting a

14 claim for negligence per se, beyond listing a number of statutes

15 and stating that "Plaintiffs are among the class of persons [the

16 statutes] were intended and designed to protect."  <u>See</u> Compl.

17 ¶ 71.  In any event, "an underlying claim of ordinary negligence

18 must be viable before [negligence per se] can be employed."  <u>Cal.</u>

19 <u>Service Station and Auto. Repair Ass'n v. American Home Assurance</u>

20 <u>Co.</u>, 62 Cal. App. 4th 1166, 1178 (Ct. App. 1998).  Without a valid

21 claim for negligence, a claim for negligence per se cannot stand.

22 The Court DISMISSES Plaintiffs' claims for negligence and

23 negligence per se WITH LEAVE TO AMEND.[3]

24 ///

25 ///

---

26      [3]  Although Low did not participate in Defendants' Motion to
   Dismiss, the causes of action dismissed in this Order are dismissed
27 as to all defendants.

28

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**B.   Breach of Contract and the Implied Covenant of Good Faith and Fair Dealing**

Plaintiffs allege that CFC, CHL, and Low "breached the express and implied terms of the written agreements between and among the parties . . . ."  Compl. ¶ 74.  "The standard elements of a claim for breach of contract are: '(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damage to plaintiff therefrom.'"  <u>Wall Street Network, Ltd. v. New York Times Co.</u>, 164 Cal. App. 4th 1171, 1178 (Ct. App. 2008)(citation omitted).  Plaintiffs allege that the contractual breaches concerned "the right of reinstatement, to be informed of any assignment of their obligations to a third party, and to be accurately and fully informed of all matters material to their decision making process concerning the loan transaction."  Compl. ¶ 74.

The Court finds that Plaintiffs' allegations are too vague and conclusory to survive a motion to dismiss.  Plaintiffs fail to specify which documents constitute the contracts that are the basis for this claim, and Plaintiffs fail to allege the specific terms of the contracts that have been breached.  <u>See</u> <u>Nichols v. Greenpoint Mortgage Funding, Inc.</u>, No. 08-750, 2008 WL 3891126, at *4 (C.D. Cal. Aug. 19, 2008) ("Plaintiff fails to allege a breach of any actual provision of the contracts . . . .").  In their Opposition, Plaintiffs' general references to paragraphs of the Complaint and documents that have been attached to the Complaint still fail to identify the relevant contracts and terms that form the basis of their breach of contract claim.  <u>See</u> Opp'n at 6.

7

Therefore, the Court DISMISSES Plaintiffs' breach of contract claim WITH LEAVE TO AMEND.

Likewise, the Court finds that Plaintiffs have failed to state a claim for breach of the implied covenant of good faith and fair dealing. Plaintiffs allege that CFC, CHL, and Low "breached the covenant of good faith and fair dealing implied in every contract in that they frustrated the reasonable expectations of Plaintiffs to be able to service their loan obligations and to be able to engage in workout negotiations . . . ." Compl. ¶ 75. Under California law, the "implied covenant of good faith and fair dealing is limited to assuring compliance with the express terms of the contract, and cannot be extended to create obligations not contemplated by the contract." Pasadena Live, LLC v. City of Pasadena, 114 Cal. App. 4th 1089, 1093-94 (Ct. App. 2004) (citation omitted.) "[T]he implied covenant will only be recognized to further the contract's purpose; it will not be read into a contract to prohibit a party from doing that which is expressly permitted by the agreement itself." Wolf v. Walt Disney Pictures and Television, 162 Cal. App. 4th 1107, 1120 (Ct. App. 2008). "The covenant 'cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement.'" Agosta v. Astor, 120 Cal. App. 4th 596, 607 (Ct. App. 2004) (quoting Guz v. Bechtel Nat'l Inc., 24 Cal. 4th 317, 349-50 (2000)).

Here, and as noted above, the Complaint fails to allege a specific breach of the terms of an identified agreement. Furthermore, the judicially-noticed documents show that the lender

United States District Court
For the Northern District of California

was permitted to foreclose on Plaintiffs' property once they
defaulted on their loans.  <u>See</u> First Deed of Trust ¶ 22; HELOC
Deed of Trust ¶ 3.  There is nothing to substantiate the
conclusory allegation that Defendants frustrated Plaintiffs'
reasonable expectations.  Another federal court came to the same
conclusion when considering an almost identical complaint.  <u>See</u>
<u>Coyotzi v. Countrywide Fin. Corp.</u>, No. 09-1036, 2009 WL 2985497,
at *7-8 (E.D. Cal. Sept. 16, 2009).  The Court DISMISSES the
breach of the implied covenant claim WITH LEAVE TO AMEND.

**C.   Breach of Fiduciary Duty**

In their third cause of action, Plaintiffs allege that CFC,
CHL and Low owed Plaintiffs "a fiduciary duty of care with respect
to the mortgage loan transactions" and that Defendants breached
their fiduciary duties.  Compl. ¶ 79-80.  Unfortunately for
Plaintiffs, the law is clear that "[t]he relationship between a
lending institution and its borrower-client is not fiduciary in
nature . . . . [and a] commercial lender is entitled to pursue its
own economic interests in a loan transaction."  <u>Nymark</u>, 231 Cal.
App. 3d at 1093 n.1.  Absent "special circumstances" a loan
transaction is "at arms-length and there is no fiduciary
relationship between the borrower and lender."  <u>Oaks Mgmt. Corp.</u>
<u>v. Super. Ct.</u>, 145 Cal. App. 4th 453, 466 (Ct. App. 2006).  Here,
the Complaint lacks necessary allegations of a special
relationship between Plaintiffs and Defendants to create fiduciary
duties.

In their Opposition, Plaintiffs allege that Defendants
stepped outside the role of traditional lenders by participating

9

in an unlawful predatory lending scheme.  Opp'n at 9.  However, as noted by another federal court, "Plaintiffs' claim that CFC and CHL are predatory lenders is the antithesis of a fiduciary relationship."  <u>Coyotzi</u>, 2009 WL 2985497 at *8.  The Court DISMISSES the cause of action for breach of fiduciary duty WITH LEAVE TO AMEND.

### D. <u>Intentional Infliction of Emotional Distress ("IIED")</u>

Plaintiffs' fourth cause of action for IIED alleges that all Defendants "participated in a joint venture/conspiracy to induce Plaintiffs to enter into a loan transaction they knew would go into default . . . ."  Compl. ¶ 84.  The elements of a claim for IIED are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct.  <u>Cervantes v. J.C. Penny Co.</u>, 24 Cal. 3d 579, 593 (1979).  Extreme and outrageous conduct must be "so extreme as to exceed all bounds of that usually tolerated in a civilized community."  <u>Davidson v. City of Westminister</u>, 32 Cal. 3d 197, 210 (1982) (quoting <u>Cervantes</u>, 24 Cal. 3d at 593).

Plaintiffs allege that Defendants' conduct, "driven as it was by profit at the expense of increasingly highly leveraged and vulnerable consumers," was "extreme and outrageous and not to be tolerated by civilized society."  Compl. ¶ 84.  However, beyond this conclusory allegation, the Complaint points to no conduct outside that generally accepted in the foreclosure process.  <u>See</u>

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1  Coyotzi, 2009 WL 2985497, at *10.  The Court DISMISSES Plaintiffs'

2  fourth cause of action WITH LEAVE TO AMEND.

3      **E.   Fraud**

4      Plaintiffs allege all Defendants misrepresented that

5  Plaintiffs could refinance their property at will for more

6  favorable terms, that the only underwriting criteria supporting

7  the loans was the market value of the property, and that

8  Plaintiffs' actual income "was irrelevant to the underwriting

9  and/or loan approval process."  Compl. ¶ 90.  Plaintiffs also

10  allege that Defendants concealed material information which would

11  have affected their decision-making process.  Id. ¶ 92.

12     Under California law, the elements of fraud are "false

13  representation, knowledge of its falsity, intent to defraud,

14  justifiable reliance, and damages."  Moore v. Brewster, 96 F.3d

15  1240, 1245 (9th Cir. 1996) (quotations omitted).  Allegations of

16  fraud "must state with particularity the circumstances

17  constituting fraud . . . ."  Fed. R. Civ. P. 9(b).  The plaintiff

18  must include "the who, what, when, where, and how" of the fraud.

19  Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003)

20  (citation omitted).  Where multiple defendants are asked to

21  respond to allegations of fraud, the complaint must inform each

22  defendant of his alleged participation in the fraud.  Swartz v.

23  KPMG LLP, 476 F.3d 756, 765-65 (9th Cir. 2007); DiVittorio v.

24  Equidyne Extractive Indus., 822 F.2d 1242, 1247 (2d Cir. 1987)).

25     Here, Plaintiffs' general allegations against all Defendants

26  fail to satisfy Federal Rule of Civil Procedure 9(b).  The

27  Complaint makes no effort to allege names of persons who made the

28                          11

**United States District Court**
For the Northern District of California

allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written.   The Complaint does not adequately inform each Defendant of his or her role in the alleged fraud.   The Court DISMISSES Plaintiffs' fraud claim as to all Defendants WITH LEAVE TO AMEND.

### F.  Violation of Federal and State Lending Laws

Plaintiffs allege that CFC, CHL, and Low "violated Cal. Civ Code Section 1916.7, TILA, HOEPA, RESPA and the Regulations X and Z" by "failing to provide all of the statutorily mandated disclosures required by these laws, engaging in a pattern of marketing loans to borrowers (including Plaintiffs) without regard to their ability to pay, and by paying yield spread premiums and other unlawful compensation to brokers and loan officers as an inducement to sell/market high risk interest loans . . . . " Compl. ¶ 97.

A request for damages under TILA or HOEPA is subject to a one-year statute of limitations.   15 U.S.C. § 1640(e).   The one-year limitations period "starts at the consummation of the [loan] transaction." King v. California, 784 F.2d 910, 915 (9th Cir. 1986).   RESPA claims are also subject to a one-year limitations period.   12 U.S.C. § 2614(a).   The loan transactions in this case were consummated on October 20, 2004, and disclosures were provided to Plaintiffs at that time.   See Interest-Only Feature Disclosure; Truth in Lending Disclosure Statement.   Therefore, the Court DISMISSES the TILA, HOEPA, and RESPA claims WITHOUT LEAVE TO AMEND.

With regard to the alleged violation of California Civil Code

12

section 1916.7, the Court notes that this section only applies to mortgage loans made pursuant to it.  Cal. Civ. Code § 1916.7(b); Brittain v. IndyMac Bank, FSB, No. 09-2953, 2009 WL 2997394, at *3 (N.D. Cal. Sept. 16, 2009).  Here, Plaintiffs have failed to allege facts showing that section 1916.7 applies, and they have failed to specify which provisions of section 1916.7 have been violated.   Accordingly, the Court DISMISSES the section 1916.7 claim WITH LEAVE TO AMEND.

### G.    Deceptive Advertising and Unfair Business Practices

Plaintiffs allege that all Defendants "have engaged in deceptive advertising and have committed a variety of unfair and unlawful business practices prohibited by Federal and State law, including California Business and Professions Code Sections 17200 et seq. (Unfair Competition Law ["UCL"]) and 17500 et seq. (False Advertising Act ["FAA"]), and 15 U.S.C. Section 45 et seq. (Deceptive Practices Act ["DPA"])." See Compl. ¶ 100.

With regard to the claimed violation of the UCL, the Court notes that this cause of action is derivative of some other illegal conduct or fraud committed by a defendant, and "[a] plaintiff must state with reasonable particularity the facts supporting the statutory elements of the violation." Khoury v. Maly's of California, Inc., 14 Cal. App. 4th 612, 619 (Ct. App. 1993).  Here, the Court has already dismissed Plaintiffs' fraud allegations, and Plaintiffs have not specified what law or policy has been violated.  Plaintiffs' allegations concerning violations of the FAA and DPA are also too vague and conclusory.  See Coyotzi, 2009 WL 2985497, at *13 ("Mere mention of a statutory

13

United States District Court
For the Northern District of California

violation is insufficient, and plaintiffs make no meaningful
points to support the claim.")  The Court DISMISSES Plaintiffs'
seventh cause of action WITH LEAVE TO AMEND.

### H.   RICO Violations

Plaintiffs allege that Defendants have violated RICO, 18
U.S.C. §§ 1961 et seq.  Compl. ¶¶ 102-09.  Plaintiffs alleged that
all Defendants engaged in an unlawful racketeering enterprise,
which Plaintiffs refer to as the "Countrywide Predatory Lending
Scheme."  Id. ¶ 103.  They allege the scheme "involved a shifting
association of persons and entities, some formally and others
informally, the goal of which was to originate as many mortgage
loans as possible without regard for the borrowers ability to pay,
and in violation of numerous State and Federal Lending/Consumer
Protection Laws . . . ."  Id. ¶ 104.

A RICO claim requires a showing that "a pattern of
racketeering activity" occurred.  18 U.S.C. § 1961; see Rothman v.
Vetter Park Mgmt., 912 F.2d 315, 316 (9th Cir. 1990).  In order to
establish the requisite activity, plaintiff "must allege either an
agreement that is a substantive violation of RICO or that the
defendants agreed to commit, or participated in, a violation of
two predicate offenses."  Baumer v. Pachl, 8 F.3d 1341, 1346 (9th
Cir.1993).  Plaintiffs fail to either allege a substantive
violation of RICO, or to sufficiently enumerate the predicate acts
upon which the RICO claim is based.  See 18 U.S.C. § 1961(5).
When fraudulent acts are the predicate offenses, as may be the
case here, Federal Rule of Civil Procedure 9(b) "requires that
circumstances constituting fraud be stated with particularity."

14

<u>Alan Neuman Productions, Inc. v. Albright</u>, 862 F.2d 1388, 1392-93 (9th Cir. 1988).  Here, the Court has already found the fraud allegations deficient, and the Complaint does not contain specific allegations of a "pattern" of fraudulent conduct.  Instead, Plaintiffs' Complaint is focused on one foreclosure sale.  Plaintiffs' conclusory allegation that Defendants have engaged in a pattern of racketeering activity, Compl. ¶ 107, is insufficient to defeat a motion to dismiss.  The Court DISMISSES Plaintiffs' claim for civil RICO violations WITH LEAVE TO AMEND.

**I.   Injunctive Relief**

Plaintiffs seek to enjoin the sale of their property.  Compl. ¶ 110-14.  To warrant injunctive relief, a plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." <u>Winter v. Natural Res. Def. Council</u>, --- U.S. ---, 129 S.Ct. 365, 374 (2008).  Plaintiffs' request for an injunction is moot because the foreclosure sale occurred on May 27, 2008.  <u>See</u> Trustee's Deed Upon Sale.  The Court is powerless to enjoin what has already occurred.  Even if the property was not already sold, the Court's review of the judicially-noticed documents indicates that Plaintiffs are not likely to succeed on the merits of their claims that Defendants' conduct was improper or unlawful.  The Court DISMISSES the request for injunctive relief WITHOUT LEAVE TO AMEND.

///

15

### J.   **Declaratory Relief**

Plaintiffs seek declaratory relief against CFC, CHL, and MERS.  Compl. ¶¶ 115-17.  As this "cause of action" is ultimately a request for relief, in order to weigh it, the Court must look to the underlying claims.  See Weiner v. Klais and Co., Inc., 108 F.3d 86, 92 (6th Cir. 1997).  Here, the Court finds all of Plaintiffs' claims deficient, and therefore DISMISSES the request for declaratory relief WITH LEAVE TO AMEND.

### K.   **Rescission**

Plaintiffs' eleventh cause of action seeks rescission of the mortgage.  Compl. ¶¶ 118-20.  In support of their claim, Plaintiffs cite various sections of the California Civil Code governing rescission: Sections 1689, 1691, 1692.  Id. ¶ 119; see Cal. Civ. Code §§ 1689, 1691, 1692.  Defendants correctly point out that rescission is a remedy, not a cause of action.  Mot. at 18; Nakash v. Super. Ct., 196 Cal. App. 3d 59, 70 (Ct. App. 1987). Furthermore, as currently pled, and based upon a review of the relevant documents, the Court sees no basis for rescinding the loan documents at issue in this case.  The Court DISMISSES the request for rescission WITH LEAVE TO AMEND.  If Plaintiffs continue to pursue the remedy of rescission, they should allege in more detail the factual and legal grounds for this remedy.

### L.   **Quiet Title**

Plaintiffs' twelfth cause of action seeks to quiet title against CFL, CHL, and MERS.  Comp. ¶¶ 121-24.  To state a claim for quiet title, Plaintiffs must include the following in their Complaint:

> (a) A description of the property that is the subject of the action. . . . (b) The title of the plaintiff as to which a determination under this chapter is sought and the basis of the title. . . . (c) The adverse claims to the title of the plaintiff against which a determination is sought. (d) The date as of which the determination is sought. . . . (e) A prayer for the determination of the title of the plaintiff against the adverse claims.

Cal. Code Civ. Proc. § 761.020.  The Complaint contains none of these elements.  Moreover, Plaintiffs' Complaint is not verified, as required by section 761.020.  The Court DISMISSES the quiet title claim WITH LEAVE TO AMEND.

**M.  Accounting**

Plaintiffs seek an accounting in order to establish the amount of money they owe Defendants.  Compl. ¶¶ 125-27.  "A cause of action for an accounting requires a showing that a relationship exists between the plaintiff and defendant that requires an accounting, and that some balance is due the plaintiff that can only be ascertained by an accounting."  Hafiz v. Aurora Loan Servs., No. 09-1963, 2009 WL 2029800, at *2 (N.D. Cal. July 14, 2009)(quoting Teselle v. McLoughlin, 173 Cal. App. 4th 156, 179 (2009)).  Here, Plaintiffs do not allege some balance is due to them.  Instead, they seek an accounting to determine how much money they owe CFC, CHL, and/or MERS.  Compl. ¶¶ 126-27.  Plaintiffs do not cite any authority to support their right to seek an accounting under these circumstances.  Accordingly, the claim for an accounting is DISMISSED WITH LEAVE TO AMEND.

**N.  Punitive Damages**

Plaintiffs' final "cause of action" seeks punitive damages

17

against all Defendants.  Plaintiffs allege Defendants' conduct was "despicable, was carried on with malice, fraud, and oppression, and in conscious disregard for the rights of Plaintiffs."  Compl. ¶ 129.  These conclusory allegations are clearly insufficient to survive a motion to dismiss.  See Coyotzi, 2009 WL 2985497, at *21-22.  Furthermore, the dismissal of Plaintiffs' other claims warrants dismissal of the request for punitive damages.  The Court DISMISSES the request for punitive damages WITH LEAVE TO AMEND.

**O.** **Defendants' Request to Dismiss CFC From this Action**

Defendants request the Court to dismiss CFC from this action. Mot. at 22-23.  In their Complaint, Plaintiffs allege, in conclusory terms, that "each of the Defendants was the agent of each of the remaining Defendants."  Compl. ¶ 5.  Throughout their Complaint, Plaintiffs use the term "COUNTRYWIDE" to refer to both CFC and CHL, and Plaintiffs have asserted all of their causes of action against "COUNTRYWIDE."  See Compl.

The Court agrees with Defendants that Plaintiffs have no basis to assert claims against CFC.  The loans at issue in this case both identify the lender as CHL, not CFC.  See Note at 1; First Deed of Trust at 2.  The Court agrees with Defendants that CFC does not belong in this lawsuit.  The Court therefore DISMISSES all of the claims in this action with respect to CFC WITH PREJUDICE.

**P.** **Motion to Strike**

Defendants request the Court to strike paragraphs 8 to 43 of Plaintiffs' Complaint.  This section of Plaintiffs' Complaint is entitled "General Allegations re: Mortgage Lending Practices."

United States District Court
For the Northern District of California

1  Compl. at 3.  Plaintiffs' specific allegations against Defendants

2  do not begin until paragraph 44 of the Complaint.

3       While the Court agrees with Defendants that these paragraphs

4  are somewhat superfluous, at this early stage of the proceedings,

5  and before Plaintiffs have had an opportunity to amend, the Court

6  will not order that the paragraphs be stricken.  Courts often

7  require "a showing of prejudice by the moving party" before

8  granting a motion to strike.  Securities and Exchange Commission

9  v. Sands, 902 F. Supp. 1149, 1166 (C.D. Cal. 1995) (citations

10 omitted).  Here, Defendants have not shown prejudice as a result

11 of these paragraphs.  Also, Defendants' request for the Court to

12 strike Plaintiffs' claim for punitive damages is moot since the

13 Court has already dismissed that claim.  See Part IV(N), supra.

14 The Court DENIES Defendants' Motion to Strike.

15 ///

16 ///

17 ///

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28

**United States District Court**
For the Northern District of California

19

**V.    CONCLUSION**

     For the reasons stated above, the Court DISMISSES all of Plaintiffs' claims.  The Court DISMISSES the TILA, HOEPA, and RESPA claims in the sixth cause of action and the ninth cause of action for injunctive relief WITH PREJUDICE.  The Court DISMISSES all of the causes of action against Defendant Countrywide Financial Corporation WITH PREJUDICE.  The Court DISMISSES all of Plaintiffs' claims against the other Defendants WITH LEAVE TO AMEND.  Defendants' Motion to Strike is DENIED.  If Plaintiffs choose to amend their Complaint, they must do so within thirty (30) days from the date of this Order.  Plaintiffs' attorney is strongly encouraged to bring only those claims that are warranted, and only those factual contentions that have, or are likely to have, evidentiary support.  <u>See</u> Fed. R. Civ. P. 11(b).


     IT IS SO ORDERED.


     December 3, 2009                    _____

                                         UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California